CRANDALL, appellant, v. SCHROEPPEL.

*Justice's court — grounds of appeal from judgment — Promissory note — presumption from possession.*

In an appeal from the judgment of a justice of the peace one of the grounds of appeal was that the justice erred in denying a motion for a nonsuit. *Held,* that the specification was sufficient to raise the questions presented upon the motion for nonsuit.

In an action upon a promissory note, made by defendant, and payable to plaintiff or bearer, the note was produced at the trial by a witness, who produced it under protest, and claimed to own it as the administrator of an estate. Plaintiff then testified that he owned the note. *Held,* that plaintiff was not entitled to recover. A party paying a promissory note is entitled to the delivery of such note.

The justice of the peace gave judgment in favor of plaintiff. *Held,* that this judgment or the payment of it would not protect defendant from another suit and judgment upon the note by the holder.

APPEAL from a judgment of the county court of Onondaga reversing the judgment of a justice of the peace in favor of plaintiff.

The action was brought by Hosea Crandall against Albert W. Schroeppel upon a promissory note made by defendant to plaintiff as payee or bearer, and reading as follows:

"*July* 21, 1869.

"For value received I promise to pay Hosea Crandall, or bearer, at his house, one hundred and sixty-five dollars by the first day of March next, with interest.

"A. W. SCHROEPPEL."

At the trial the note was produced under protest by one of plaintiff's witnesses, who claimed to own it as administrator of the estate of Charles Crandall, and plaintiff then testified that he owned the note, had never transferred it, and it had not been paid. The justice gave judgment for the plaintiff for the amount remaining unpaid on the note, and the defendant appealed to the county court where the judgment was reversed.

*Dewitt C. Greenfield* and *Isaac D. Garfield,* for appellant. It was no objection to a recovery that the note was not in the possession of the plaintiff. *Selden* v. *Pringle,* 17 Barb. 458; *Russell* v. *Scudder,*

42 id. 31, 34; *Cummings* v. *Moore*, 25 N. Y. 625; *Smith* v. *Maine*, 25 Barb. 33.

*Ruger, Wallace & Jenney*, for respondent.

E. DARWIN SMITH, J.   None of the grounds of error stated in the notice of appeal, served upon the justice, are sufficient to raise any question for review, according to the cases of *Delong* v. *Brainard*, 1 N. Y. Sup. 1, and *Nolan* v. *Page*, id., addenda, 2, except the ground that the justice erred in denying the motion for a nonsuit made by the defendant at the trial.

This specification was, I think, sufficient to raise the question presented on the motion for a nonsuit before the justice.   The ground of error thus stated must be deemed to refer to the grounds stated and urged on the motion for the nonsuit.   One ground stated for such motion was, that the note upon which the action was brought is now held by the administrators of Charles Crandall, deceased, and they claimed to own the same, and, from the facts proved, they are the owners.

The county court doubtless reversed the judgment of the justice on this ground, it appearing that the note was negotiable, being payable to the plaintiff or bearer, and was in the hands of the administrators named, who claimed title to it and produced it at the trial under protest, claiming to own it.   Upon these facts appearing I think the plaintiff should have been nonsuited.   He had not possession of the note and it was not lost.   A party paying a promissory note or negotiable bill is entitled to the delivery of such note or bill on payment, or its production, that it may be discharged or destroyed in his presence.   *Bank of Utica* v. *Smith*, 18 Johns. 240.

It was held in *Freeman* v. *Boynton*, 7 Mass. 486, that a demand of payment of a promissory note of the maker, with a view to charge the indorser, was not good, because the person making the demand had not the note with him to deliver it up on receiving payment.   Judge PARKER in the opinion said :   "The debtor may well refuse to pay, on the ground that he has a right to have his obligation or contract, or to see it canceled when he is called upon to discharge it."   And this rule should especially apply to negotiable securities.

The judgment rendered by the justice did not necessarily extin-

guish this note, for the plaintiff could not produce it to the justice for cancellation or give a valid discharge of it, which would have protected the defendant from another suit and judgment upon it by the holder, nor would the payment of the judgment rendered by the justice have that effect. The title to the note could not be judicially settled in this suit, because the administrators of Charles Crandall are not parties to the action, and could not be bound by any decision of the justice on that point, nor could the plaintiff by his own testimony establish his title to the note as against such administrators.

The case of *Van Alstine* v. *Nat. Com. Bank of Albany,* 7 Trans. App. 241, in principle I think settles this question. That was an action upon a draft against the drawers, held adversely, as with the note in this case. The court of appeals held that the plaintiff could not recover without the production of the draft at the trial, and could not throw upon the bank the burden of a litigation between the conflicting parties, claiming such draft, and could not recover upon it as a lost draft.

The judgment of the county court reversing that of the justice should be affirmed.

*Judgment affirmed.*